UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:03-CR-23 |
| | ) | Phillips |
| JOHN LEE COOPER | ) | |

## MEMORANDUM AND ORDER

Defendant John Lee Cooper filed a *pro se* motion for early termination of supervised release [Doc. 90]. Mr. Cooper was sentenced on November 25, 2003, to a term of imprisonment of 121 months for conspiracy to distribute and possession with intent to distribute marijuana, methamphetamine, and cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B). Mr. Cooper was released from prison in May 2012 and began a five (5) year term of supervised release. At the time of his motion, Mr. Cooper stated that he has "not had any dirty drug tests" and little criminal history prior to his arrest for the instant case. Mr. Cooper is 69 years old and on disability. Having completed half of his term of supervised release, Mr. Cooper states that he has complied with the terms of supervision and requests that the remainder of his supervised release be terminated.

The government has filed a response in opposition to Mr. Cooper's motion [Doc. 91] on the grounds that Mr. Cooper recently tested positive for the presence of methamphetamine in his system on January 9, 2015, and that the results of the drug screen had been confirmed by a laboratory. The government notes that one of the

conditions of supervised release is that the defendant refrain from the use of controlled substances unless the use occurs under the supervision of a physician.

The Probation Office has also advised the undersigned that Mr. Cooper tested positive for methamphetamine on January 9, 2015, and that those test results were confirmed by a laboratory. Mr. Cooper denied any use of methamphetamine and claims that he had recently taken Sudafed. As a result of this positive drug test, Mr. Cooper's Probation Officer has placed him back on the code-a-phone drug screening program. Prior to this test, Mr. Cooper's drug screens have been negative. The Probation Office confirms that Mr. Cooper's criminal history was limited to convictions in 1986 for DUI and a firearms violation, and in 2002 for possession of a controlled substance. Mr. Cooper resides with his son, who was a co-defendant and who is also currently on supervised release. Mr. Cooper takes prescription hydrocodone for back pain.

A request for early termination of supervised is reviewed pursuant to 18 U.S.C. § 3564(c) which provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) do not support an early termination of defendant's supervised release. While Mr. Cooper's compliance with the terms of his supervised

2

release until recently is commendable, it appears that he has recently used an illegal controlled substance which is the subject of his conviction. It appears to the Court that a continued period of supervised release is necessary to deter Mr. Cooper and protect the public from further criminal conduct. Accordingly, for all of these reasons, Mr. Cooper's motion for early termination of supervised release [Doc. 90] is **DENIED**.

    IT IS SO ORDERED.

                                            s/ Thomas W. Phillips
                                      SENIOR UNITED STATES DISTRICT JUDGE